IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOLEEN M. LERCH,

                       Plaintiff,

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

                       Defendant.

OPINION AND ORDER

18-cv-589-slc

---

On July 27, 2018, plaintiff Joleen Lerch filed a lawsuit in this court under § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (ERISA), seeking review of defendant Life Insurance Company of North America's ("LINA's") denial of her claim for long-term disability insurance benefits under an employee welfare benefit plan. Before the court is Lerch's motion to exclude the plan's Appointment of Claim Fiduciary (ACF) form and Group Disability Insurance Certificate (bates stamped LINA 001906-001934) from the administrative record. Dkt. 11. For the reasons explained below, I am denying the motion.

## BACKGROUND

LINA issued a policy of long-term disability insurance to Wausau Coated Products, Inc. in March 2015, for the purpose of insuring benefits under an ERISA-governed employee welfare benefit plan. The parties agree that Wausau is the plan sponsor and plan administrator and that LINA is the claim fiduciary responsible for the payment of benefits under the plan. *See* dkt. 12-3 at 1 and 24. According to the allegations in the complaint, Lerch became ill in March 2015 and applied for long-term disability benefits. LINA approved the application and awarded Lerch long-term disability benefits for approximately two years. However, on June 17, 2017, LINA

denied Lerch's claim on the alleged ground that she was no longer disabled under the "any occupation" standard of disability. After unsuccessfully appealing the decision administratively, Lerch filed a lawsuit in this court on July 27, 2018.

On August 2, 2018, only a few days after filing suit, Lerch's counsel sent LINA's counsel a letter requesting Lerch's "entire file" related to the denial of her claim, including all "plan documents." LINA responded to the request but failed to produce a copy of the ACF form and insurance certificate. After litigation commenced, I entered a preliminary pretrial conference order in which I set January 11, 2019 as the deadline for LINA to produce a copy of the administrative record to be reviewed by the court. Dkt. 10. LINA met the deadline and included the ACF form and insurance certificate as part of the official administrative record.

**ANALYSIS**

Lerch contends that the administrative record was closed as of the date she filed her lawsuit (July 27, 2018) and opposes the "late" inclusion of the ACF and certificate in the administrative record. She bases her argument solely on *Feggins v. Reliance Standard Life Ins. Co.*, No. 11-CV-073-WMC, 2012 WL 12996107, at *1 (W.D. Wis. Jan. 19, 2012), in which Judge Conley held that this court's review of an ERISA denial is limited to the administrative record that was before the insurance company when it made its decision. *See also Militello v. Cent. States, Se. & Sw. Areas Pension Fund*, 360 F.3d 681, 686 (7th Cir. 2004) ("The deferential nature of the arbitrary and capricious standard of review means that the court may 'consider only the evidence that was before the administrator when it made its decision.'"). Applying this standard, Judge Conley refused to consider evidence that Feggins was awarded Social Security Disability

Insurance (SSDI) benefits because the SSDI award was not issued until seven months *after* Reliance Standard made its final decision with respect to Feggins's application for disability benefits under the policy. *Feggins*, 2012 WL 12996107, at *2.

As LINA points out, *Feggins* does not apply because it involved documents that did not exist at the time that the claims administrator (Reliance Standard) made its benefits decision, which rendered the documents irrelevant to the court's review of the denial of Feggins's claim. In this case, the ACF and insurance certificate are plan documents that existed at the time LINA made its decision with respect to Lerch's claim. *See Raybourne v.Cigna Life Ins. Co. of N.Y.*, 576 F.3d 444, 448-49 (7th Cir. 2009) (ACF is plan document); *Ruiz v. Cont'l Cas. Co.*, 400 F.3d 986, 991 (7th Cir. 2005) (insurance certificate is plan document). Therefore, Feggins is not instructive and does not require the exclusion of the ACF or insurance certificate from the administrative record in this case.

More to the point is whether the ACF and insurance certificate can or should be excluded from the administrative record because LINA had some duty to produce them when Lerch asked for the plan documents at the start of her lawsuit. As LINA points out, Lerch failed to develop any meaningful argument on this issue in her motion, nor did she cite any authority requiring a claim fiduciary to produce all relevant plan documents after the commencement of litigation but prior to the deadline for producing the administrative record for the claim. In fact, the Court of Appeals for the Seventh Circuit has held that the plan administrator (here, Wausau), and not the claims administrator (LINA), is proper party to sue for failure to provide plan documents, *Hightshue v. AIG Life Ins. Co.*, 135 F.3d 1144, 1149 (7th Cir. 1998) (summary plan description), and has "rejected the contention that other parties, including claims administrators,

3

can be held liable for the failure to supply participants with the plan documents they seek," *Mondry v. Am. Family Mut. Ins. Co.*, 557 F.3d 781, 794 (7th Cir. 2009). *See also* 29 U.S.C. § 1024 (setting forth duties of claim *administrator* to furnish plan information to plan participants).

In its response brief, LINA points out that 29 C.F.R. § 2560.503-1(j) requires a claim fiduciary to provide a claimant with "all documents, records, and other information relevant to the claimant's claim for benefits" upon request. However, LINA contends that administrative plan documents are not "relevant" to a claim for benefits. Specifically, the regulation defines the term "relevant" as any document, record or other information that:

> (i) Was relied upon in making the benefit determination;
>
> (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
>
> (iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
>
> (iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2560.503-1(m)(8).

Picking up on LINA's lead, Lerch argues for the first time in her reply brief that "it is impossible to see how [the ACF form and insurance certificate] are not precisely relevant" because they define the scope of LINA's authority as a fiduciary and mandate a specific claim process. Dkt. 15 at 3. As an initial matter, if Lerch believes that 29 C.F.R. § 2560.503-1(j) provides her the remedy she seeks, then she should have raised the argument in her initial

4

motion seeking exclusion of the ACF and certificate. *Mendez v. Perla Dental*, 646 F.3d 420, 423-24 (7th Cir. 2011) ("[I]t is well-established that arguments raised for the first time in the reply brief are waived."). However, even if I were to consider this argument, Lerch has failed to cite any authority that plan documents fall within the regulatory definition of "relevant" information, or that this regulation trumps the clear duties of the claims administrator outlined in 29 U.S.C. § 1024 and enforced by *Mondry* and *Hightshue*. Moreover, the regulation says nothing about when an administrative record should be considered closed for purposes of review by a federal court.

In a separate argument also raised for the first time in her reply brief, Lerch argues that even if LINA did not have a statutory duty to provide the plan documents, it had a fiduciary duty as the appointed "claim fiduciary" to convey complete and accurate information to Lerch. Again, Lerch has waived this argument by raising it for the first time in her reply brief. In any event, Lerch has failed to persuade me that any fiduciary duty LINA may have had to turn over a full set of plan documents warrants the exclusion of the plan documents from the administrative record. The few cases that Lerch cites in support of her fiduciary argument do not involve a claim fiduciary's failure to produce plan documents during litigation and seem to stand for the general view that plan *administrators* have a fiduciary duty to "respond promptly and adequately to employee-initiated inquiries regarding the plan or any of its terms." *Electro-Mech. Corp. v. Ogan*, 9 F.3d 445, 451 (6th Cir. 1993). *See also Sheet Metal Joint Apprenticeship Training Fund v. Barsuli*, 950 F. Supp. 1406, 1418 (E.D. Wis. 1997) (citing *Electro-Mech.* and discussing general fiduciary duty of plan administrators). *Cf. Echague v. Metro. Life Ins. Co.*, 43 F. Supp. 3d 994, 1017 (N.D. Cal. 2014) (in response to employee inquiries, a "fiduciary

has an obligation to convey complete and accurate information material to the beneficiary's circumstance").

In sum, in the absence of any citation to statutory or case law that requires the exclusion from the administrative record of any plan documents that a claim administrator or claim fiduciary (versus a plan administrator) failed to provide a claimant upon request, I cannot find that the ACF form and certificate must be excluded from the administrative record in this case.

ORDER

IT IS ORDERED that plaintiff Joleen Lerch's motion to exclude evidence from the administrative record, dkt. 11, is DENIED.

Entered this 3rd day of May, 2019.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge